IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Lewis T. Babcock

Criminal Action No. 12-cr-00052-LTB
(Removal from District Court, Logan County, Colorado,
*People of the State of Colorado v. Jeffrey David King*,
Case No. 11CR53)

PEOPLE OF THE STATE OF COLORADO,

v.

JEFFERY DAVID KING, also known as
JEFFREY DAVID KING,

    Defendant.

---

## ORDER FOR SUMMARY REMAND

---

Defendant, Jeffery David King, filed *pro se* a notice of removal (ECF No. 1) stating that, pursuant to 28 U.S.C. §§ 1443 and 1446, he removed to this Court criminal case number 11CR53 from the Logan County District Court in Sterling, Colorado. The Court must construe the notice of removal liberally because Mr. King is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the case will be remanded summarily to the state court.

Pursuant to 28 U.S.C. § 1446(a), a notice of removal must include "a short and plain statement of the grounds for removal." Mr. King alleges he removed this criminal case to federal court pursuant to 28 U.S.C. §1443 because he contends the Logan County District Court lacks subject matter jurisdiction over his criminal case, which was initiated in state court by the filing of a complaint and information. *See* ECF No. 1 at 23-

25, 28-30.  As support for removal, he argues that art. II, § 8 of the Colorado Constitution states:

> Until otherwise provided by law, no person shall[,] for a felony, be proceed[ed] against otherwise than by indictment, except in cases arising in the land or naval forces, or in the militia when in actual service in time of war or public danger. In all other cases, offenses shall be prosecuted criminally by indictment or information.

ECF No. 1 at 1, ¶ 2.  He appears to believe that, based on COLO. CONST. art. II, § 8, the state prosecuting attorney should have sought an indictment by a grand jury in his criminal case and that the lack of a grand jury indictment rendered the state district court without subject matter jurisdiction.  See ECF No. 1 at 5, ¶ 1.  He contends the Logan County District Court "failed to make a determination of the Courts [sic] subject matter jurisdiction," id. at 1, ¶ 2, apparently referring to the state district court's denial of his motion to dismiss for lack of subject matter jurisdiction.  Id. at 3-4, 7.  He also contends the Colorado Supreme Court failed to make a determination of the district court's subject matter jurisdiction in response to the petition for extraordinary writ pursuant to Rule 21 of the Colorado Rules of Appellate Procedure he filed with the state supreme court.  Id. at 10-20.  He fails to attach any order entered by the state supreme court on the Colo. R. App. P. 21 petition, or inform the Court whether the petition remains pending.  He apparently believes removal of the state action to this Court pursuant to § 1446 is appropriate because he failed to receive the recourse he seeks in state court.

Mr. King has not complied with the procedural requirements for removal of a criminal action by filing copies of "all process, pleadings, and orders" served on him in

the state court actions as required by § 1446(a).  Although Mr. King has filed a copy of the complaint and information charging him with identity theft, forgery, and possession of a forged instrument, *see* ECF No. 1 at 23-25, 28-30, and a copy of the summons to appear before the Logan County District Court on April 20, 2011, *see id.* at 21-22, 26-27, he has not filed a copy of the order directing him to appear for what he alleges is his next hearing, scheduled for February 23, 2012.  *See id.* at 2.  The removal appears to be timely because Mr. King alleges that he "has not been to trial, and is within 30 days of arraignment."  *See id.* at 1, ¶ 3; 28 U.S.C. § 1446(c)(1).

Removal under § 1443 also is inappropriate as a substantive matter.   The two requirements for removal under § 1443(1) are narrow and well-defined.  *See Davis v. Glanton*, 107 F.3d 1044, 1045 (3d Cir. 1997).  "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'"  *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).  "A state court defendant's claim that 'prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination' is insufficient for removal."  *Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (quoting *Johnson*, 421 U.S. at 219)).  Mr. King makes no allegations demonstrating that he has been denied any rights based on his race.

"Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" *Johnson*, 421 U.S. at 219 (quoting 28 U.S.C. § 1443(1)).  The Supreme Court explained this requirement as follows:

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood, Miss., v. Peacock*, 384 U.S. 808, 828 (1966). This requirement must be supported by specific factual allegations. *See Gulf Ins. Group v. Narumanchi*, 1996 WL 108567, at *1 (10th Cir. Mar. 6, 1996) (unpublished table opinion); *see generally* 14A Charles Alan Wright et al., Federal Practice & Procedure § 3728 (2d ed. 1985). Mr. King has failed to provide the Court with specific factual allegations regarding his inability to enforce his federal constitutional rights in the state court criminal prosecution. Therefore, removal pursuant to § 1443(1) is not appropriate.

Removal pursuant to 28 U.S.C. § 1443(2) also is not appropriate. Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood*, 384 U.S. at 824. Mr. King does not allege that he is either a federal officer or a person assisting a federal officer in the performance of official duties providing for equal civil rights.

Therefore, because it is clear on the face of the notice of removal and attached exhibits that removal of this action should not be permitted, the action will be remanded summarily to the state court pursuant to 28 U.S.C. § 1446(c)(4).

Accordingly, it is

ORDERED that criminal case number 11CR53 is remanded summarily to the Logan County District Court in Sterling, Colorado.  It is

FURTHER ORDERED that the clerk of this Court shall mail a certified copy of this order to the clerk of the Logan County District Court, Logan County Justice Center, 110 North Riverview Road, Sterling, CO 80751.

DATED at Denver, Colorado, this __15th__ day of ____February____, 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court